### MOSHER v. ST. LOUIS, I. M. & S. RY. CO.[1]

*(Circuit Court, E. D. Missouri.  September 22, 1883.)*

COMMON CARRIER—PURCHASER OF RAILROAD TICKET BOUND TO COMPLY WITH ITS CONDITIONS—AUTHORITY OF CONDUCTOR.

Where A., a railway company, sold a ticket to B., good for a trip from C. to D. over A.'s road and E.'s road, with which A.'s connected, and also good for a return trip on condition that B. should, within a specified time, identify himself to E.'s authorized agent at D., and have his ticket dated and signed in ink and stamped by such agent, and B., in a suit against A. for damages, set forth said facts in his petition, and alleged that within the specified time he presented himself and said ticket "at the business office and depot" of E. at D., before the time of departure of E.'s train for C. which he desired to take, and offered to identify himself and have said ticket stamped, etc., "and in all manner fully complied with the terms of said contract on his part," but that the defendant and E. failed to have an agent present then and there at said office for that purpose at any time between the time the plaintiff so presented himself and his ticket and the arrival of the train for C.; that B. proceeded on said train, however, and explained the said circumstances to the conductor, who agreed to permit him to ride as far as X., an intermediate point, but subsequently, instead of so doing, ejected him from the train,—*held*, on demurrer, that no sufficient excuse for B.'s non-compliance with the conditions of his ticket was given; that said conductor had no power to pass upon B.'s excuses; and that, therefore, the petition did not state a cause of action

At Law.

*E. P. Johnson* and *Wm. M. Eccles*, for plaintiff.

*Bennett Pike*, for defendant.

TREAT, J.  The petition avers that plaintiff had a railroad ticket issued by defendant, with proper coupons, for his transportation from St. Louis to Hot Springs within five days, and return at any time within 85 days from date of the ticket, "by identifying himself as the original party to said contract, and purchaser of the ticket containing it, to the satisfaction of, and to the authorized agent of, the Hot Springs Railroad at Hot Springs, Arkansas, within eighty-five days from said date of entering into said contract, and after said contract or ticket had been officially signed and dated in ink, and duly stamped by said agent at Hot Springs, Arkansas, and to be good five days from the latter date to return to said city of St. Louis."

In accordance with the terms of said contract, plaintiff was transported as a passenger from St. Louis to Hot Springs, and within the

---

[1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

specified 85 days, desiring to return to St. Louis, "presented himself and said contract or ticket at the business office and depot of said Hot Springs Railroad at said Hot Springs, before the time of departure of its train for St. Louis, and offered to identify himself as the original party to said contract and purchaser of said ticket, to the satisfaction of, and to the authorized agent of, said Hot Springs Railroad at said Hot Springs, Arkansas, for the purpose of having the same officially signed and dated in ink, and duly stamped by said agent, and in all manner fully complied with the terms of said contract on his part; but the defendant and said Hot Springs Railroad failed to have an agent present then and there at said business office and depot of said Hot Springs Railroad, for that purpose, at any time between the time the plaintiff so presented himself and said contract and ticket at said business office and depot at Hot Springs, and the arrival of the train that plaintiff desired to take going to St. Louis," etc.

Plaintiff proceeded on the train, however, and on representing to a conductor the foregoing facts and showing his ticket, the latter agreed to take him on the train to Little Rock, and have said ticket there signed, dated, and stamped by the agent of the defendant, and then transport the plaintiff to St. Louis, but instead of so doing, expelled the plaintiff from the train, refusing to transport him to Little Rock under said contract, by reason of which wrongful acts plaintiff has been damaged to the extent of $10,000.

Such were the important averments of the petition, and they show that the plaintiff was expelled from the car for failure to present the needed ticket. It is evident that he knew the ticket was irregular, and on its face showed his non-compliance with the terms of the contract. The conductor could not substitute himself for the agent named by whom the identity was to be ascertained, etc., nor was it for him to pass upon the sufficiency of the excuse offered. Indeed, the petition itself does not disclose at what time he presented himself with his ticket at the business office and depot of the Hot Springs Railroad for the purpose stated; nor that the time and place were proper and reasonable. It seems that he had not the required ticket, nor did he offer to pay the fare due. There is nothing in the petition to show that he had complied with his express contract, or attempted to do so in a fair and reasonable manner, even if a proper effort on his part would avail. It is evident that he cannot recover on the contract, because he had failed to comply with its terms; and he cannot recover for the alleged trespass, because the conductor rightfully expelled him from the cars for failure to present a proper ticket.

The principles on which this ruling on the demurrer to the petition are based, will be found fully stated and discussed in 6 Amer. & Eng. Ry. Cas. *322 et seq.* and notes.

Demurrer sustained.